14. At said time and place and repeatedly prior thereto, the defendant Police Chief, acting under color of statutes, customs, ordinances, and office policies in usage of his employer, as hereinbefore alleged, violated the provisions of the Fourteenth Amendment of the Constitution of the United States of America and the Constitution of the State of Wisconsin and, upon information and belief, was then and there guilty of one or more of the following malicious and reckless acts and/or omissions:

  a. Encouraging, acquiescing and approving of the acts of the defendants McNally, Gold and Martin, of their use of excessive force when confronting citizens and when effecting an arrest, by permitting them to remain on the West Allis Police Force when it was known that they tended to use excessive force, based upon prior incidents;

  b. Failing to adequately train and supervise the defendants McNally, Gold and Martin in the use of force when confronting citizens and/or effecting an arrest;

  c. Condoning the conduct of the defendants McNally, Gold and Martin in maliciously charging citizens with unwarranted municipal ordinance violations and/or criminal charges and falsely arresting the plaintiffs Father and Son.

15. At said time and place and repeatedly prior thereto, the defendant City, acting under color of statutes, customs, ordinances, official policies in usage through its employees, including, but not limited to its police force and the defendants McNally, Gold, Martin and Police Chief, violated the provisions of the Fourteenth Amendment of the Constitution of the United States and the Constitution of the State of Wisconsin and were then and there guilty of one or more the following malicious and reckless acts and omissions:

  a. Upon information and belief, encouraging, acquiescing and/or approving of the practice of using excessive force when a member of its police force effected a confrontation and/or arrest of its citizens;

b. Failing to implement adequate training and supervision of its police force in the use of force when confronting citizens and/or effecting an arrest;

c. Condoning its officers' issuance of citations for unwarranted municipal ordinance violations and/or criminal charges and falsely arresting the plaintiffs Father and Son.

16. As a direct and proximate result of the aforesaid malicious and reckless acts and/or omissions of the defendants, and each of them, the plaintiff Father then and there sustained severe and permanent injuries resulting in damages as a consequence of the acts and/or omissions of the defendants City, McNally, Gold, Martin and Police Chief, including, but not limited to pain in or around his right eye, visual disturbances, a retinal detachment, an increased intraocular pressure, a global rupture, an abrasion to his right eye and temple, bilateral wrist pain from the handcuffs, right hand swelling, and frequent and severe headaches, a severe shock to his nervous system and other serious injuries; that he, upon information and belief, was permanently and seriously injured, suffered and will suffer great pain of body and mind; that he was and will be obligated to expend monies for medical care and attendants; that he was unable to perform the duties of his occupation; that his ability to enjoy life was and will be substantially impaired, all to his damage in amounts to be set by the trier of fact.

17. As a direct and proximate result of the aforesaid malicious and reckless acts and/or omissions of the defendants, and each of them, the plaintiff Son then and there sustained severe and permanent injuries resulting in damages as a consequence of the acts and/or omissions of the defendants City, McNally, Gold, Martin and Police Chief, including, but not limited to bruises and scrapes to his upper right shoulder, hair being pulled out from the back of his head, laceration and bruise of his left wrist, contusion and abrasion to his right knee, frequent and severe headaches, a severe shock to his nervous system and other serious injuries; that he,

upon information and belief, was permanently and seriously injured, suffered and will suffer great pain of body and mind; that he was and will be obligated to expend monies for medical care and attendants; that his ability to enjoy life was and will be substantially impaired, all to his damage in amounts to be set by the trier of fact.

18. The plaintiffs Michael S. Albrecht and Michael L. Albrecht filed Notices of Claim and Damages with the City of West Allis on or about May 8, 2015 and, through their attorney, have been attempting to resolve this matter but have received no response nor offer of settlement and assume the defendant City is unwilling to make payments to settle this matter.

19. Upon information and belief, the involuntary plaintiff UnitedHealthcare may have paid a portion of the medical bills incurred by the plaintiff Father and is entitled to reimbursement and/or subrogation under the laws of the State of Wisconsin.

That as and for a second claim against the defendants City of West Allis, Ryan McNally, Timothy Gold, Steven Martin and Charles Padgett, the above-named Michael S. Albrecht and Michael L. Albrecht, by their attorneys, the Law Offices of Robert A. Levine, represented by Robert A. Levine, allege and show to the court as follows:

20. Reiterate, repeat and reallege by reference all of the allegations contained in paragraphs 1 through 19 of the claim for and on behalf of the plaintiffs Michael S. Albrecht and Michael L. Albrecht with the same force and effect as if herein set forth in full.

21. This is a civil action seeking damages against the defendants City, McNally, Gold, Martin and Police Chief for committing acts under power of law which deprived the plaintiffs Father and Son of rights secured by the Constitution and Laws of the United States of America and the Constitution and Laws of the State of Wisconsin, including, but not limited, to depriving the plaintiffs Father and Son without due process of law.

7

Case 2:15-cv-00740-JPS Filed 06/18/15 Page 3 of 7 Document 1-2

22. On the aforementioned date and for some time prior thereto, there was in full force and effect in the United States a certain act commonly known as the Civil Rights Act of 1871, Title 42 of the U.S. Code, which says, in part, as follows:

> Every person who under color of any statute, ordinance, regulation, custom or usage of any state or territory or the District of Columbia, subjects or causes to be subjected any citizen of the United States or other person within the jurisdiction thereof, to the deprivation of any rights, privileges or immunities secured by the Constitution and Laws shall be liable to the party injured in an action at lawsuit, in equity or other proper proceeding for redress. . . .

Title 42, § 1983, U.S. Code.

23. At the time and place of the incident and prior thereto, the defendants McNally, Gold, and Martin, acting under color of the statutes, ordinances, regulations, customs, official policies and usage of their employer, as hereinbefore alleged, violated the provisions of the Fourteenth Amendment to the Constitution of the United States and the Constitution of the State of Wisconsin and were then and there guilty of one or more of the following malicious and/or reckless acts and/or omissions: using excessive and unreasonable force resulting in injuries and damages to the plaintiffs Father and Son and issuing unwarranted municipal ordinance charges against the plaintiffs Father and Son, resulting in malicious prosecutions and false arrests.

24. At said time and place, and repeatedly prior thereto, the defendant Police Chief acting under color of the statutes, ordinances, regulations, customs, official policies and usage of his employer, as hereinbefore alleged, violated the provisions of the Fourteenth Amendment to the Constitution of the United States and the Constitution of the State of Wisconsin and was then and there guilty of one or more of the following malicious and/or reckless acts and/or omissions: encouraging, acquiescing and/or approving the acts of the defendants McNally, Gold and Martin using excessive and unreasonable force when confronting citizens and/or effecting an arrest by

8

permitting them to remain on the West Allis Police Force when it was known that they tended to use excessive force, based upon prior incidents, and in failing to adequately train and supervise the defendants McNally, Gold and Martin in the use of force when confronting citizens and/or effecting an arrest, and encouraging and allowing malicious prosecution by the defendant City as a result of conduct of the defendants McNally, Gold and Martin and failing to properly supervise and discipline his officers.

25. At said time and place, and repeatedly prior thereto, the defendant City, acting under color of the statutes, ordinances, regulations, customs, official policies and usage, as hereinbefore alleged, violated the provisions of the Fourteenth Amendment to the Constitution of the United States and the Constitution of the State of Wisconsin and was then and there guilty of one or more of the following malicious and/or reckless acts and/or omissions: encouraging, acquiescing and/or approving the acts of the defendants McNally, Gold, Martin and Police Chief in using excessive and unreasonable force when confronting citizens and/or effecting an arrest by permitting them to remain on the West Allis Police Force when it was known that they tended to use excessive force, based upon prior incidents, and in failing to adequately train and supervise the defendants McNally, Gold and Martin in the use of force when confronting citizens and/or effecting an arrest and encouraging and allowing malicious prosecution and false arrest of the plaintiffs Father and Son as a result of the conduct of the defendants McNally, Gold and Martin.

26. As a direct and proximate result of the aforementioned malicious and reckless acts and/or omissions of the defendants City and Police Chief, and each of them, the plaintiffs Father and Son sustained the severe and permanent injuries as hereinbefore set forth.

27. As a direct and proximate result of the aforementioned malicious and reckless acts and/or omissions of the defendants City, McNally, Gold, Martin and Police Chief, and each of

them, the plaintiffs Father and Son then and there suffered and will continue to suffer great pain and anguish, both in mind and body.

WHEREFORE, the plaintiff Michael S. Albrecht demands judgment against the defendants City of West Allis, Ryan McNally, Timothy Gold, Steven Martin and Charles Padgett, as follows:

- A. Compensatory damages in an amount to be set by the trier of fact, together with costs, disbursements and reasonable attorney's fees.
- B. Punitive damages in an amount to be set by the trier of fact, together with costs, disbursements and reasonable attorney's fees.

WHEREFORE, the plaintiff Michael L. Albrecht demands judgment against the defendants City of West Allis, Ryan McNally, Timothy Gold, Steven Martin and Charles Padgett, as follows:

- A. Compensatory damages in an amount to be set by the trier of fact, together with costs, disbursements and reasonable attorney's fees.
- B. Punitive damages in an amount to be set by the trier of fact, together with costs, disbursements and reasonable attorney's fees.

WHEREFORE, the involuntary plaintiff UnitedHealthcare demands judgment against the defendants City of West Allis, Ryan McNally, Timothy Gold, Steven Martin and Charles Padgett, in an amount the trier of fact deems fair and reasonable together with its costs and disbursements.

**DEMAND IS HEREBY MADE FOR A TWELVE PERSON JURY**

10

Case 2:15-cv-00740-JPS   Filed 06/18/15   Page 6 of 7   Document 1-2

them, the plaintiffs Father and Son then and there suffered and will continue to suffer great pain and anguish, both in mind and body.

WHEREFORE, the plaintiff Michael S. Albrecht demands judgment against the defendants City of West Allis, Ryan McNally, Timothy Gold, Steven Martin and Charles Padgett, as follows:

- A. Compensatory damages in an amount to be set by the trier of fact, together with costs, disbursements and reasonable attorney's fees.
- B. Punitive damages in an amount to be set by the trier of fact, together with costs, disbursements and reasonable attorney's fees.

WHEREFORE, the plaintiff Michael L. Albrecht demands judgment against the defendants City of West Allis, Ryan McNally, Timothy Gold, Steven Martin and Charles Padgett, as follows:

- A. Compensatory damages in an amount to be set by the trier of fact, together with costs, disbursements and reasonable attorney's fees.
- B. Punitive damages in an amount to be set by the trier of fact, together with costs, disbursements and reasonable attorney's fees.

WHEREFORE, the involuntary plaintiff UnitedHealthcare demands judgment against the defendants City of West Allis, Ryan McNally, Timothy Gold, Steven Martin and Charles Padgett, in an amount the trier of fact deems fair and reasonable together with its costs and disbursements.

**DEMAND IS HEREBY MADE FOR A TWELVE PERSON JURY**

Dated at Milwaukee, Wisconsin this 3rd day of June, 2015.

                                              LAW OFFICES OF ROBERT A. LEVINE,
                                              Attorneys for Plaintiff

                               By: _____
                                              Robert A. Levine
                                              State Bar #1011965
                                              Jonathan J. Cattey
                                              State Bar #1079322

P.O. ADDRESS:

111 East Wisconsin Avenue, Suite #1710
Milwaukee, WI 53202
Phone: (414) 271-9585; Fax: (414) 271-8506
E-Mail: rlevine@rlevinelaw.com
            jcattey@rlevinelaw.com

11